FILED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

MARS, INC.,

               Plaintiff,

      v.

NATUREX S.A., NATUREX, INC.,
NUTRACEUTICAL CORP., LIFE
EXTENSION FOUNDATION, INC.,
and LIFE EXTENSION
FOUNDATION BUYERS CLUB,

               Defendants.

2010 APR 13 P 2: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Civil Action No. 1 : 10 CV 366
CmH / IDD

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Mars, Inc., ("Mars"), by its attorneys McDermott Will & Emery LLP, complains of the Defendants Naturex S.A., and Naturex, Inc., (collectively "Naturex"), Nutraceutical Corp. ("Nutraceutical"), and Life Extension Foundation, Inc. and Life Extension Foundation Buyers Club, Inc. (collectively "LEF") as follows:

### I. NATURE OF THE LAWSUIT

1.      Mars has obtained many patents resulting from its revolutionary work on cocoa polyphenols, with many related to cocoa extract products and processes and the uses thereof. This lawsuit claims patent infringement arising under the patent laws of the United States, title 35 of the United States Code.

2.      Mars has been the leader in developing a market for products containing high levels of cocoa polyphenols and in educating the public of the health benefits of cocoa polyphenols. In disregard of Mars' proprietary rights, defendant Naturex has promoted, advertised, introduced and sold in the United States high cocoa polyphenol products, including a cocoa extract, known as CocoActiv, that fall within the scope of claims of various Mars' patents.

These Naturex products have been used by third parties in the manufacture of products including dietary supplements, that infringe Mars' patents and that divert sales from Mars' products.

3. Defendants Nutraceutical and LEF sell dietary supplements that contain a high cocoa polyphenol extract that is believed to be CocoActiv. These supplements and the uses for which they are provided fall within the scope of claims of various Mars' patents that are directed at end products containing a high cocoa polyphenol extract that are administered to or taken by persons for therapeutic or prophylactic health reasons. Nutraceutical and LEF provide their customers with directions to use their dietary supplements in ways that fall within the scope of claims of Mars' patents.

4. This lawsuit is brought to protect Mars' proprietary rights and to redress defendants' willful infringements of the patents alleged herein that undermine Mars' plans and efforts (a) to benefit from the fruits of its labor and vast investments, and (b) to sell and continue to develop revolutionary products that will treat various unhealthy conditions and/or maintain and promote vascular health.

## II. PARTIES

5. Mars is a Delaware corporation, having a place of business at 6885 Elm Street, McLean, Virginia. Mars is one of the world's top producers of chocolate and is a leading global manufacturer of various name brand food products.

6. Upon information and belief, defendant Naturex S.A. is a French company with its worldwide headquarters in Avignon, France. Naturex, Inc. is a subsidiary of Naturex S.A.; it is a company existing under the laws of the State of Delaware, with places of business in South Hackensack, New Jersey and Northern California. Naturex is engaged in extracting active compounds from natural products.

2

7.       Upon information and belief, Nutraceutical is a corporation existing under the laws of the State of Delaware with an office in Park City, Utah. Nutraceutical claims to be one of the nation's largest manufacturers and marketers of branded dietary supplements sold to health food stores nationally and over the internet. Nutraceutical's supplements are sold under several brands including "Solaray."

8.       Upon information and belief, Life Extension Foundation, Inc. is a corporation existing under the laws of the State of Florida with an office in Fort Lauderdale, Florida. Life Extension Foundation and its privately held affiliate Life Extension Foundation Buyers Club, Inc., which also is a Florida corporation with offices in Fort Lauderdale, Florida, *inter alia*, are engaged in the business of promoting and selling dietary supplements under various names.

## III.  JURISDICTION AND VENUE

9.       This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.* This Court has jurisdiction under Title 28 U.S.C. §§ 1331, 1332 and 1338(a).

10.      Venue is proper in this District under Title 28 U.S.C. §§ 1391 and 1400(b), because, inter alia, defendants are subject to personal jurisdiction in this judicial district and have committed acts of willful infringement in this judicial district.

11.      Personal jurisdiction exists over each of the defendants because each defendant has sufficient minimum contacts with the forum as a result of business conducted within the Commonwealth of Virginia and within this judicial district. Personal jurisdiction also exists over each defendant because each defendant has offered to sell infringing products in this district or, upon information and belief, has placed infringing products into the stream of commerce by either shipping products into this judicial district or knowing that the products would be shipped

3

into this judicial district, and such products therefore have been offered, used, purchased and sold in this judicial district.

## IV.  **BACKGROUND FACTS**

12.    Mars has a strong commitment to research,  including decades invested in studying different aspects of cocoa.  Mars is recognized as a global leader in cocoa science.

13.    One aspect of Mars research has focused on polyphenol substances that naturally occur in the cocoa bean.  Cocoa flavanols are a subgroup of cocoa polyphenols and therefore can be generically referred to as polyphenols.  For more than fifteen (15) years, Mars has led the exploration of the medical benefits of cocoa polyphenols and flavanols, as evidenced by the more than 100 peer-reviewed research publications by Mars scientists and their university partners.  This work has received special recognition in the medical-science community.

14.    Much of the excitement in the field of cocoa polyphenols today stems from the findings of Mars' scientists and their university partners that certain cocoa polyphenol-rich preparations have the potential (a) to prevent and/or treat health conditions that are leading causes of death and disability around much of the world, such as cardiovascular disease, diabetes, dementia, and/or (b) to promote and maintain vascular health and blood flow.

15.    Mars' scientists have developed novel ways to measure and characterize polyphenol content in foods.  Mars scientists also have developed novel cocoa post-harvesting and processing procedures and technologies which help maximize the amount of polyphenols available in processed cocoa.  Consequently, Mars' scientists have developed a polyphenol-rich cocoa powder and cocoa extract that may be used as an ingredient in various foods, including dietary supplements in liquid, powder and tablet forms.

16.    Mars has commercialized its patented process that preserves high levels of polyphenols in cocoa and products that are derived therefrom under the Cocoapro® trademark.

Cocoapro® powder is the most studied cocoa in the world in terms of health impact. Mars' vast investment of time and resources has enabled it to manufacture products that retain exceptional sensory characteristics while delivering measurable effects on vascular health because of their high polyphenol content. For example, in June 2009, Mars launched a new flavanol-rich cocoa extract called Cirku for use in products aimed at maintaining healthy circulation. Mars utilizes Cirku in a dietary supplement beverage mix called CirkuHealth that promotes healthy blood flow and good circulation.

17. Naturex has commenced importing, making, using, offering to sell and/or selling throughout the United States high cocoa polyphenol products, including a solvent-derived cocoa extract that claims to have 40% polyphenols. Upon information and belief, Naturex's 40% polyphenol extract has been sold under the CocoActiv name. Naturex and its CocoActiv extract infringe various Mars' patents as alleged below.

18. Naturex's CocoActiv extract has been sold, offered for sale and is readily available for purchase in the United States and in this judicial district. Indeed, Naturex calls this CocoActiv a "top selling extract." Naturex promotes CocoActiv as a suitable ingredient for use in foods, including dietary supplements, and promotes its beneficial influence on cardiovascular health. With full knowledge of Mars' patents, Naturex has sold and continues to sell and offers to sell its high cocoa polyphenol products, including CocoActiv extract, to persons who Naturex has induced to utilize it in the manufacture of various products that are sold to consumers, including dietary supplements that compete with CirkuHealth and that infringe Mars' patents as alleged below.

19. Naturex's high cocoa polyphenol products, including CocoActiv extract, are not staple articles of commerce that are suitable for any substantial non-infringing use and are a

material part of Mars' inventions.  Indeed, products that incorporate such Naturex high polyphenol products directly infringe various claims of Mars' patents as alleged below.

20.     Nutraceutical has commenced importing, making, having made, using, offering to sell, promoting and/or selling throughout the United States, including in this judicial district, a dietary supplement under the name "Solaray Cocoa Bean Extract" which it represents contains 40% cocoa polyphenols.  Nutraceutical and its Solaray Cocoa Bean Extract infringe various Mars' patents as alleged below.  Nutraceutical encourages and directs customers to take these supplements for various uses that fall within the scope of claims of Mars' patents as alleged below.  Moreover, these supplements are not staple articles of commerce that are suitable for any substantial non-infringing use and are a material part of Mars' inventions.  The uses to which these supplements are made fall within the scope of claims of Mars' patents as alleged below.

21.     LEF has commenced importing, making, having made, using, offering to sell, promoting and/or selling throughout the United States, including this judicial district, dietary supplements under the name "Cocoa Gold" and variations thereof that are represented to contain 40% cocoa polyphenols.  These Cocoa Gold supplements and other supplements sold by LEF that contain high levels of cocoa polyphenols infringe various Mars' patents as alleged below. LEF encourages and directs customers to take these supplements for various uses that fall within the scope of claims of Mars' patents as alleged below.  Moreover, these supplements are not staple articles of commerce that are suitable for any substantial non-infringing use and are a material part of Mars' inventions.  The uses to which these supplements are made fall within the scope of claims of Mars' patents as alleged below

## V. **MARS' IRREPARABLE HARM**

22.     Mars has been and will continue to be irreparably harmed by defendants

infringements of Mars' valuable patent rights.  Defendants' unauthorized use of Mars' patented

inventions has threatened the value of this intellectual property because defendants' conduct

results in Mars' loss of its valuable patent rights to exclude others from making, using, selling,

offering to sell and/or importing the patented inventions.

23.     Mars also has been and will continue to be irreparably harmed by defendants'

infringement because defendants actions threaten the value, benefits, market for and reputation

of high cocoa polyphenol products that Mars has assiduously promoted and developed.

24.     Further, Mars has been and will continue to be irreparably harmed because

defendants' disregard for Mars' valuable property rights threatens relationships with potential

licensees in expanding areas of use of cocoa polyphenol products.

## VI. **CLAIMS**

### **COUNT ONE**

### **PATENT INFRINGEMENT OF U.S PATENT NO. 6,790,966 BY NATUREX**

25.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as

though fully set forth herein as the allegations of paragraph 25.

26.     Mars is the owner by assignment from certain of its employees of U.S. Patent No.

6,790,966, which was duly and lawfully issued by the United States Patent and Trademark

Office on September 14, 2004, entitled "Cocoa Extracts Containing Solvent-Derived Cocoa

Polyphenols From Defatted Cocoa Beans" ("the '966 patent").  A true and correct copy of the

'966 patent is attached as Exhibit A and made a part hereof.

27.     Mars owns all rights, title and interest in and to the '966 patent and possesses the sole and exclusive right to enforce it and recover under it.

28.     Naturex has infringed, and is currently infringing, the '966 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducing the direct infringement of others, by making, using, selling, promoting, offering to sell in the United States, and/or importing into the United States, a high cocoa polyphenol extract that falls within the scope of claims of the '966 patent.

29.     Upon information and belief, Naturex has had actual notice and knowledge of the '966 patent.

30.     Naturex's infringement of the '966 patent has been and continues to be willful and intentional.

31.     Mars has been injured and damaged monetarily and otherwise by Naturex's infringement of the '966 patent.  Naturex is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

32.     Mars also has been and will continue to be irreparably harmed by Naturex's patent infringement necessitating the entry of a permanent injunction to prevent Naturex's further and future infringement of the '966 patent.

## COUNT TWO

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,790,966 BY NUTRACEUTICAL AND LEF

33.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 33.

34.     Mars repeats and re-alleges each and every allegation of paragraphs 26 and 27 as though fully set forth herein as the allegations of paragraph 34.

8

35.    Nutraceutical and LEF each has infringed, and is each currently infringing, the '966 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducing the direct infringement of others, by making, using, selling, promoting, offering to sell in the United States, and/or importing into the United States a high cocoa polyphenol extract that falls within the scope of claims of the '966 patent.

36.    Upon information and belief, Nutraceutical and LEF each has had actual notice and knowledge of the '966 patent.

37.    Nutraceutical's and LEF's infringements of the '966 patent has been and continues to be willful and intentional.

38.    Mars has been injured and damaged monetarily and otherwise by Nutraceutical's and LEF's infringement of the '966 patent.  Nutraceutical and LEF are each therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

39.    Mars also has been and will continue to be irreparably harmed by Nutraceutical's and LEF's patent infringement necessitating the entry of a permanent injunction to prevent the further and future infringement of the '966 patent by Nutraceutical and LEF.

## COUNT THREE

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,517,841 BY DEFENDANTS

40.    Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 40.

41.    Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,517,841, which was duly and lawfully issued by the United States Patent and Trademark Office on February 11, 2003, entitled "Solid Compositions and Liquid Preparations for Oral

Administration Which Contain Cocoa Polyphenols" ("the '841 patent"). A true and correct copy of the '841 patent is attached as Exhibit B and made a part hereof.

42.     Mars owns all rights, title and interest in and to the '841 patent and possesses the sole and exclusive right to enforce it and recover under it.

43.     Naturex has infringed and is currently infringing the '841 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducing the direct infringement of the '841 patent by others who make, use, sell, promote and offer to sell a solid composition or liquid preparation that falls within the scope of claims of the '841 patent.

44.     Nutraceutical and LEF each has infringed and each is currently infringing the '841 patent in violation of 35 U.S.C. § 271 et. seq., directly, indirectly, contributorily, and/or by inducing the direct infringement of others by making, using, selling, promoting and/or offering to sell in the United States a dietary supplement that falls within the scope of claims of the '841 patent.

45.     Upon information and belief, each defendant has had actual notice and knowledge of the '841 patent.

46.     Defendants' infringements of the '841 patent has been and continues to be willful and intentional.

47.     Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '841 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

48.     Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '841 patent by each defendant.

## COUNT FOUR

## PATENT INFRINGEMENT OF U.S PATENT NO. 6,479,539 BY DEFENDANTS

49.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 49.

50.     Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,479,539, which was duly and lawfully issued by the United States Patent and Trademark Office on November 12, 2002, entitled "Procyanidin-Containing Pharmaceutical Compositions," as corrected, ("the '539 patent"). A true and correct copy of the '539 patent is attached as Exhibit C and made a part hereof.

51.     Mars owns all rights, title and interest in and to the '539 patent and possesses the sole and exclusive right to enforce it and recover under it.

52.     Naturex has infringed and is currently infringing the '539 patent in violation of 35 U.S.C. § 271 *et seq.*, directly or indirectly, contributorily, and/or by inducing the direct infringement of the '539 patent by others who make, use, sell, promote and offer to sell a procyanidin-containing pharmaceutical composition that falls within the scope of claims of the '539 patent.

53.     Nutraceutical and LEF each has infringed and each is currently infringing the '539 patent in violation of 35 U.S.C. § 271 et. seq., directly, indirectly, contributorily, and/or by inducing the direct infringement of others by making, using, selling, promoting and/or offering to sell in the United States a procyanidin containing pharmaceutical composition that falls within the scope of claims of the '539 patent.

11

54.     Upon information and belief, each defendant has had actual notice and knowledge of the '539 patent.

55.     Defendants' infringements of the '539 patent has been and continues to be willful and intentional.

56.     Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '539 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

57.     Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '539 patent by each defendant.

## COUNT FIVE

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,900,241 BY DEFENDANTS

58.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 58.

59.     Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,900,241, which was duly and lawfully issued by the United States Patent and Trademark Office on May 31, 2005, entitled "Compositions For, And Methods Of, Treating Atherosclerosis" ("the '241 patent"). A true and correct copy of the '241 patent is attached as Exhibit D and made a part hereof.

60.     Mars owns all rights, title and interest in and to the '241 patent and possesses the sole and exclusive right to enforce it and recover under it.

61.     Naturex has infringed and is currently infringing the '241 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the

'241 patent by others who practice and use the claimed method and make, use, sell, promote and offer to sell an article of manufacture that falls within the scope of claims of the '241 patent.

62.     Nutraceutical and LEF each has infringed and each is currently infringing the '241 patent in violation of 35 U.S.C. § 271 et. seq., directly by practicing and using the claimed method, and by making, using, selling, promoting and offering to sell an article of manufacture that falls within the scope of claims of the '241 patent or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method or use the claimed article of manufacture.

63.     Upon information and belief, each defendant has had actual notice and knowledge of the '241 patent.

64.     Defendants' infringements of the '241 patent has been and continues to be willful and intentional.

65.     Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '241 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

66.     Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '241 patent by each defendant.

## COUNT SIX

## PATENT INFRINGEMENT OF U.S PATENT NO. 7,122,574 BY DEFENDANTS

67.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 67.

68.     Mars is the owner by assignment from certain of its employees of U.S. Patent No. 7,122,574, which was duly and lawfully issued by the United States Patent and Trademark Office on October 17, 2006, entitled "Treatment of Hypertension" ("the '574 patent"). A true and correct copy of the '574 patent is attached as Exhibit E and made a part hereof.

69.     Mars owns all rights, title and interest in and to the '574 patent and possesses the sole and exclusive right to enforce it and recover under it.

70.     Naturex has infringed and is currently infringing the '574 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the '574 patent by others who practice and use the claimed method.

71.     Nutraceutical and LEF each has infringed and each is currently infringing the '574 patent in violation of 35 U.S.C. § 271 et. seq., directly by practicing and using the claimed method or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method.

72.     Upon information and belief, each defendant has had actual notice and knowledge of the '574 patent.

73.     Defendants' infringements of the '574 patent has been and continues to be willful and intentional.

74.     Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '574 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

75. Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '574 patent by each defendant.

## COUNT SEVEN

## PATENT INFRINGEMENT OF U.S PATENT NO. 7,115,656 BY DEFENDANTS

76. Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 76.

77. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 7,115,656, which was duly and lawfully issued by the United States Patent and Trademark Office on October 3, 2006, entitled "Compositions For, and Methods Of, Anti-Platelet Therapy" ("the '656 patent"). A true and correct copy of the '656 patent is attached as Exhibit F and made a part hereof.

78. Mars owns all rights, title and interest in and to the '656 patent and possesses the sole and exclusive right to enforce it and recover under it.

79. Naturex has infringed and is currently infringing the '656 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the '656 patent by others who practice and use the claimed method with the composition claimed therein.

80. Nutraceutical and LEF each has infringed and each is currently infringing the '656 patent in violation of 35 U.S.C. § 271 et. seq., directly by practicing and using the claimed method with the composition claimed therein, or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method with the composition claimed therein.

81.    Upon information and belief, each defendant has had actual notice and knowledge of the '656 patent.

82.    Defendants' infringements of the '656 patent has been and continues to be willful and intentional.

83.    Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '656 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

84.    Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '656 patent by each defendant.

### COUNT EIGHT

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,670,390 BY DEFENDANTS

85.    Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 85.

86.    Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,670,390, which was duly and lawfully issued by the United States Patent and Trademark Office on December 30, 2003, entitled "Cocoa Extract Compounds And Methods For Making And Using The Same" ("the '390 patent"). A true and correct copy of the '390 patent is attached as Exhibit G and made a part hereof.

87.    Mars owns all rights, title and interest in and to the '390 patent and possesses the sole and exclusive right to enforce it and recover under it.

88.     Naturex has infringed and is currently infringing the '390 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the '390 patent by others who practice and use the claimed method.

89.     Nutraceutical and LEF each has infringed and each is currently infringing the '390 patent in violation of 35 U.S.C. § 271 et. seq., directly, by practicing and using the claimed method or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method.

90.     Upon information and belief, each defendant has had actual notice and knowledge of the '390 patent.

91.     Defendants' infringements of the '390 patent has been and continues to be willful and intentional.

92.     Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '390 patent.  Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

93.     Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '390 patent by each defendant.

**COUNT NINE**

**PATENT INFRINGEMENT OF U.S PATENT NO. 6,747,059 BY DEFENDANTS**

94.     Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 94.

95.     Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,747,059, which was duly and lawfully issued by the United States Patent and Trademark

17

Office on June 8, 2004, entitled "Composition For, And Methods Of, Anti-Platelet Therapy" ("the '059 patent"). A true and correct copy of the '059 patent is attached as Exhibit H and made a part hereof.

96.     Mars owns all rights, title and interest in and to the '059 patent and possesses the sole and exclusive right to enforce it and recover under it.

97.     Naturex has infringed and is currently infringing the '059 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the '059 patent by others who practice and use the claimed method.

98.     Nutraceutical and LEF each has infringed and each is currently infringing the '059 patent in violation of 35 U.S.C. § 271 et. seq., directly by practicing and using the claimed method or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method.

99.     Upon information and belief, each defendant has had actual notice and knowledge of the '059 patent.

100.    Defendants' infringements of the '059 patent has been and continues to be willful and intentional.

101.    Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '059 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

102.    Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '059 patent by each defendant.

## COUNT TEN

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,998,417 BY DEFENDANTS

103.    Mars repeats and re-alleges each and every allegation of paragraphs 1-24 as though fully set forth herein as the allegations of paragraph 103.

104.    Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,998,417, which was duly and lawfully issued by the United States Patent and Trademark Office on February 14, 2006, entitled "Compositions For, And Methods Of, Treating Atherosclerosis" ("the '417 patent"). A true and correct copy of the '417 patent is attached as Exhibit I and made a part hereof.

105.    Mars owns all rights, title and interest in and to the '417 patent and possesses the sole and exclusive right to enforce it and recover under it.

106.    Naturex has infringed and is currently infringing the '417 patent in violation of 35 U.S.C. § 271 *et seq.*, indirectly, contributorily, and/or by inducing the direct infringement of the '417 patent by others who practice and use the claimed method.

107.    Nutraceutical and LEF each has infringed and each is currently infringing the '417 patent in violation of 35 U.S.C. § 271 et. seq., directly by practicing and using the claimed method or indirectly, contributorily, and/or by inducing the direct infringement of others who practice and use the claimed method.

108.    Upon information and belief, each defendant has had actual notice and knowledge of the '417 patent.

109.    Defendants' infringements of the '417 patent has been and continues to be willful and intentional.

110.    Mars has been injured and damaged monetarily and otherwise by each defendant's infringement of the '417 patent. Each defendant is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

111.    Mars also has been and will continue to be irreparably harmed by the patent infringement of each defendant necessitating the entry of a permanent injunction to prevent the further and future infringement of the '417 patent by each defendant.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Mars prays as follows:

A.    That this Court enter a judgment that each defendant has directly and/or indirectly infringed one or more claims of the '966, '841, '539, '241, '574, '656, '390, '059 and '417 patents and that such infringement has been willful;

B.    That this Court enter a judgment and order permanently enjoining each defendant, its employees and agents and any person in active concert or participation with each of them respectively from infringing directly or indirectly the '966, '841, '539, '241, '574, '656, '390, '059 and '417 patents;

C.    That this Court enter a judgment against each defendant awarding damages adequate to compensate Mars for the infringement by each such defendant of the '966, '841, '539, '241, '574, '656, '390, '059 and '417 patents, including enhanced damages up to three times the amount of compensatory damages for defendants' willful infringement and any supplemental damages for any continuing post-verdict infringement until entry of a final judgment and cessation of such infringement, all as enhanced per this Court's order;

D.      That this Court assess pre-judgment and post judgment interest and costs against defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E.      That this Court render a finding that this case is "exceptional" and award to Mars its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

F.      That this Court grant Mars such other and further relief as the Court deems just, proper and equitable.

## VIII.  JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mars demands a jury trial as
to all matters so triable.

Dated:  April 13, 2010                    MARS, INC.

By: _____
                                          One of its Attorneys

Blair M. Jacobs (VA Bar No. 32010)
bjacobs@mwe.com
Christina A. Ondrick (VA Bar No. 45736)
condrick@mwe.com
MCDERMOTT WILL & EMERY LLP
600 13th Street, 12th Floor
Washington, D.C.  20005-3096
Telephone:  212.756.8000
Facsimile:  212.756.8087

Kenneth J. Jurek (pro hac vic app. pending)
Daniel N. Christus (pro hac vic app. pending)
Brent A. Hawkins (pro hac vic app. pending)
Mark R. Anderson (pro hac vic app. pending)
Katherine M. Schon (pro hac vic app. pending)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

ATTORNEYS FOR MARS, INC.

CHI99 5176598-1.002227.0129